UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 1:20-cv-61

| THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| v. | ) ) | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| KUKA FURNITURE, INC. and KUKA (HK) TRADE CO. LIMITED DBA KUKA HOME, | ) ) ) | |
| Defendants | ) | |

COMES NOW Plaintiff, The Cincinnati Specialty Underwriters Insurance Company ("Plaintiff" or "Cincinnati") by and through counsel, and pursuant to Rule 57 of the Federal Rules of Civil Procedure, alleges and says:

**Preliminary Statement**

1. Pursuant to 28 U.S.C. §2201, Plaintiff seeks a declaratory judgment and adjudication concerning the rights, obligations and liabilities of the parties under a certain policy of insurance with respect to claims for trademark infringement, unfair competition, false designation of origin, and trademark dilution under the Lanham Act, 15 U.S.C. §§1114, 1125(a) and (c), and for related violations of common law and state law that have been asserted by Parker House Manufacturing Co., Inc. in a civil action captioned "*Parker House Manufacturing Co. Inc. v. Costco Wholesale Corp., Costco Wholesale Membership, Inc., and Kuka Furniture, Inc.*", Case No 2:19-cv-07008, pending in the United States

1

District Court for the Central District of California—Western Division ("the Underlying Lawsuit").

**Jurisdiction**

2. Jurisdiction over the claims contained herein is invoked pursuant to 28 U.S.C. § 1332(a)(1) and (c) in that there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the sum of $75,000.00.

**Venue**

3. This action properly lies in the United States District Court for the Middle District of North Carolina pursuant to 28 U.S.C. §1391 (b) since Defendant, Kuka Furniture, Inc., is a North Carolina Corporation located in High Point, North Carolina, Defendant Kuka (HK) Trade Co. Limited DBA Kuka Home has a place of business in High Point, North Carolina, the policy was issued to an insured/policyholder in this judicial district, and a substantial part of the events giving rise to this declaratory judgment occurred in this judicial district.

**Parties**

4. Cincinnati is, and at all times mentioned herein was, a corporation duly organized and existing under the laws of the state of Ohio, with its principal place of business in Cincinnati, Ohio.

5. Defendant, Kuka Furniture, Inc. ("Kuka Furniture"), is a North Carolina corporation with its principal place of business located at 210 S. Main St., Space 615, High Point, North Carolina.

6. Upon information and belief, Defendant, Kuka Trade (HK) Co. Limited DBA Kuka Home, is a foreign company with its principal place of business in High Point, North Carolina.

## Facts

7. Upon information and belief, the plaintiff in the Underlying Lawsuit, Parker House Manufacturing Co., Inc. ("Parker House"), manufactures and sells furniture, including sectional sofas, under the name "Parker Living" or "Parker House" which are alleged by Parker House to be its registered trademarks.

8. Upon information and belief, Defendant Kuka Furniture is involved in the sale of sofas through Costco Wholesale Corp. and/or Costco Wholesale Membership, Inc. (collectively referred to as "Costco").

9. Upon further information and belief, Kuka Furniture and Costco used the name "Parker" to describe their sectional sofas in alleged violation of the Parker House's trademarked names "Parker Living" or "Parker House".

10. The factual allegations giving rise to the claims set forth in the Underlying Lawsuit describe actions taken by Kuka Furniture and Costco that began on or after July, 2019.

11. On or about August 12, 2019, Parker House filed the complaint in the Underlying Lawsuit in the United States District Court for the Central District of California - Western Division naming Kuka Furniture and Costco as defendants, seeking injunctive relief and making claims for trademark infringement, unfair competition, and trademark dilution under the Lanham Act and claims for related violations of common law and state law.

12. The specific claims in the Underlying Lawsuit Complaint include: (1) Federal Trademark Infringement, 15 U.S.C. § 1114, (2) Federal Unfair Competition, False Designation of Origin, 15 U.S.C. §1125(a), (3) Federal Trademark Dilution; 15 U.S.C. §1125(c), (4) Unfair Competition Under State Law, California Business and Professional Code §17500, (5) False and Misleading Advertising Under State Law, California Business & Professional

Code §17500, (6) Common Law Trademark Infringement, and (7) Common Law Unfair Competition, Palming Off/Passing Off. A copy of the Underlying Complaint is attached hereto as Exhibit A.

13. Plaintiff issued a certain policy of insurance to Kuka (HK) Trade Co. Limited DBA Kuka Home ("Kuka Trade Co.") as named insured under policy number CSU 0109098, with a policy coverage period from January 4, 2018 through January 4, 2019, and continuing to the present through annual renewals ("the Policy"). A true and accurate copy of the policy for the period from January 4, 2019 to January 4, 2020 is attached hereto as Exhibit B.

14. The Policy issued by Cincinnati to Kuka Trade Co. does not provide coverage to Kuka Furniture for any of the claims contained in the underlying lawsuit because Kuka Furniture does not meet the definition of an insured under the policy, and Cincinnati has no duty to defend or to indemnify a party that is not an insured under its Policy.

15. The Policy does not otherwise provide coverage to Defendant Kuka Furniture for any of the claims or damages resulting from the allegations contained in the underlying lawsuit because the Policy contains terms, conditions and exclusions which preclude coverage for the claims and/or damages that are demanded by Parker House in the Underlying Lawsuit.

16. The Policy does not cover any claims for injunctive relief or similar claims that do not involve damages.

17. The damages claimed by Parker House in the Underlying Lawsuit are not "property damage" as that term is defined in the Policy.

18. The damages claimed by Parker House in the Underlying Lawsuit were not caused by an "occurrence" as that term is defined in the Policy.

19. The claims and/or damages alleged by Parker House in the Underlying Lawsuit do not fall within the Policy definition of "personal and advertising injury".

20. The claims and/or damages alleged by Parker House in the Underlying Lawsuit are expressly excluded from coverage under the Policy because they arose out of alleged violations of Parker House's trademarks, and the Policy specifically excludes and does not cover "…'personal and advertising injury' arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights."

21. The claims and/or damages claimed by Parker House in the Underlying Lawsuit are expressly excluded from coverage under the Policy because the damages claimed arose out of allegations that the defendants in the Underlying Lawsuit knowingly or intentionally violated Parker House's trademarks.

22. The damages claimed by Parker House in the Underlying Lawsuit are expressly excluded from coverage under the Policy because they arose out of allegations that the defendants in the Underlying Lawsuit engaged in oral or written publication of material with knowledge of its falsity.

23. The damages claimed by Parker House in the Underlying Lawsuit are excluded from coverage under the Policy because they arose out of alleged acts of the defendants in the Underlying Lawsuit that constitute unauthorized use of another's name or product or similar tactics to mislead another's potential customers.

24. The damages claimed by Parker House in the Underlying Lawsuit are excluded from coverage under the Policy because they arose out of alleged acts or omissions of the defendants in the Underlying Lawsuit that are specifically excluded from coverage under additional terms, conditions and exclusions of the policy.

5

25. There is no coverage under the Policy for any punitive or exemplary damages that may be awarded against Kuka Furniture in the Underlying Lawsuit.

26. Plaintiff/Cincinnati requests this Court to declare the relative rights, duties and obligations of the parties to this action under the Cincinnati policy issued to Kuka Trade Co. with regard to the Underlying Lawsuit. Specifically, Plaintiff requests that this Court declare that Cincinnati has no obligation to continue to defend Kuka Furniture, Inc. in the Underlying Lawsuit, and that Cincinnati has no obligation to indemnify Kuka Furniture, Inc. for any damages arising out of the claims in the Underlying Lawsuit.

27. This action is ripe for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure as authorized by 28 U.S.C. §2201. A final ruling by this Court will determine the rights and obligations of Plaintiff/Cincinnati and Defendants, Kuka Furniture and Kuka Trade Co., and will settle the controversy between them as to these insurance coverage issues.

**WHEREFORE,** Plaintiff Cincinnati respectfully prays the Court as follows:

1. That the Court declare and decree that the policy of insurance issued by The Cincinnati Specialty Underwriters Insurance Company to Kuka (HK) Trade Co. Limited DBA Kuka Home does not provide any coverage to Kuka Furniture, Inc. as an insured under the policy;

2. That the Court declare and decree that the policy of insurance issued by The Cincinnati Specialty Underwriters Insurance Company to Kuka (HK) Trade Co. Limited DBA Kuka Home does not afford indemnity coverage to Kuka Furniture, Inc. for any claims and/or any alleged damages in the Underlying Lawsuit;

3. That the Court declare and decree that Plaintiff is not required to defend Kuka Furniture, Inc. in the Underlying Lawsuit;

4. That the Court declare and decree that Plaintiff is not obligated in any way to pay any damages that Kuka Furniture, Inc. may become legally obligated to pay as a result of the Underlying Lawsuit;

5. That the costs of this action be taxed against the Defendants; and

6. For such other and further relief as the Court may deem just and proper.

This the 17th day of January, 2020.

PINTO COATES KYRE & BOWERS, PLLC

*/s/ Deborah J. Bowers*

Deborah J. Bowers
NC State Bar No. 24937
Email: dbowers@pckb-law.com
3203 Brassfield Rd.
Greensboro, NC 27410
(336) 282-8848 (phone)
(336) 282-8409 (fax)

*/s/ Adam L. White*
*(with permission)*
Adam L. White
NC State Bar No. 46495
Email: awhite@pckb-law.com
3203 Brassfield Rd.
Greensboro, NC 27410
(336) 282-8848 (phone)
(336) 282-8409 (fax)

ATTORNEYS FOR PLAINTIFF,
THE CINCINNATI SPECIALTY
UNDERWRITERS INSURANCE COMPANY